1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORAZON DE CRISTO CANO et al., <br><br> Plaintiffs, <br><br> v. <br><br> JOSEPH R. BIDEN et al., <br><br> Defendants. | Case No.:  22-CV-193-CAB-AHG <br><br> **ORDER DENYING EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT** <br><br> [Doc. No. 3] |

Plaintiffs, a collection of over 100 individuals residing throughout the United States (along with one plaintiff residing in Germany) who are allegedly employed by dozens of different government agencies or federal contractors, bring this suit against government agencies and federal officials, including President Joseph R. Biden, the Centers for Disease Control, and the Safer Federal Workforce Task Force and its individual members, seeking to enjoin enforcement of two executive orders imposing COVID-19 vaccine requirements on federal employees (the "Employee Mandate") and federal contractors (the "Contractor Mandate"), respectively.  Shortly after filing the complaint, Plaintiffs filed an ex parte application for a temporary restraining order ("TRO") temporarily enjoining defendants, whom Plaintiffs categorize as the "Federal Government," "from enforcing the September 9, 2021, Executive Orders, #14042 and 14043, unnecessarily forcing Covid-19 vaccinations upon Federal Workers, as well as implementing any and all directives and

1    guidance mandated by the Safer Federal Workforce Task Force." [Doc. No. 3 at 1-2.]  The
2    application states that "[i]f not preliminarily enjoined, the Federal Government will
3    irreversibly place the Federal Worker plaintiffs at risk of imminent financial duress and/or
4    physical injury." [*Id.* at 2.]  The application has been fully briefed, and the Court deems it
5    suitable for submission without oral argument.  The application is denied, and the
6    complaint is dismissed for lack of subject matter jurisdiction.

7    ## I.    The Claims of Most Plaintiffs Are Not Justiciable

8    First, the overwhelming majority of the plaintiffs do not have claims that are ripe for
9    adjudication.  "A claim is not ripe for adjudication if it rests upon contingent future events
10    that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*,
11    523 U.S. 296, 300 (1998) (internal quotation marks omitted).  "[T]he mere potential for
12    future injury, standing alone, is insufficient to render a case justiciable under Article III,
13    even where the issue presented is primarily legal." *See, e.g., Brnovich v. Biden*, __ F.Supp.
14    3d __, No. CV-21-01568-PHX-MTL, 2022 WL 252396, at *8 (D. Ariz. Jan. 27, 2022)
15    (holding that plaintiff with pending request for exemption from Employee Mandate did not
16    have a ripe claim).

17    Here, all but thirteen of the named plaintiffs remain employed and either have
18    obtained an exemption to any COVID-19 vaccine requirements of their employer or have
19    a request for an exemption pending.  Moreover, both of the executive orders in question
20    are already subject to a nationwide injunction issued by another court.  *Feds for Med.*
21    *Freedom v. Biden*, __ F.Supp. 3d __, No. 3:21-CV-356, 2022 WL 188329, at *8 (S.D. Tex.
22    Jan. 21, 2022) (issuing nationwide injunction on enforcement of Employee Mandate);
23    *Georgia v. Biden*, __ F.Supp. 3d __, No. 1:21-CV-163, 2021 WL 5779939, at *12 (S.D.
24    Ga. Dec. 7, 2021) (issuing nationwide injunction on enforcement of Contractor Mandate);
25    *see also* Complaint at ¶ 220 ("As it stands at this moment in time, all three of Defendant
26    Biden's vaccine mandates (Federal Employee, Federal Contractor, and OSHA ETS) have
27    been enjoined by a federal court, or the Supreme Court . . . .").  None of the presently
28    employed plaintiffs have alleged or presented evidence that they have experienced an

adverse employment action based on either the Employee Mandate or the Contractor Mandate.  These plaintiffs, therefore, "come before this Court complaining of a compulsory inoculation they may never need to take, and of adverse employment actions they may never experience. This uncertainty weighs decisively against the ripeness of Plaintiffs' claims and the irreparability of their purported injuries." *Church v. Biden*, __ F.Supp. 3d __, No. CV 21-2815 (CKK), 2021 WL 5179215, at *1 (D.D.C. Nov. 8, 2021).  Necessarily, because the Court lacks jurisdiction over their unripe claims, these plaintiffs are not entitled to a TRO.[1]

Further, "[w]ithout jurisdiction the court cannot proceed at all in any cause . . . and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted).  Accordingly, the claims of these currently-employed plaintiffs (identified by name below) are dismissed in their entirety.

## II.     Claims of Remaining Plaintiffs

Having dismissed the claims of those plaintiffs whose claims are not justiciable, only thirteen plaintiffs remain.  Each of these plaintiffs alleges that they were terminated, forced into retirement, or placed on unpaid leave as a result of their opposition to COVID-19 vaccination requirements at their employers, whom they allege are subject to the Contractor Mandate.  The Court, however, lacks subject matter jurisdiction over these plaintiffs' claims because they lack Article III standing.

"[T]he 'irreducible constitutional minimum' of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable

---

[1] *Cf. Robert v. Austin*, No. 21-CV-02228-RM-STV, 2022 WL 103374, at *3 (D. Colo. Jan. 11, 2022) ("Because Plaintiffs have not established that their claims are justiciable, a fortiori, they cannot establish a likelihood of success on the merits or a clear and unequivocal right to injunctive relief."); *Rodden v. Fauci*, No. 3:21-CV-317, 2021 WL 5545234, at *2 (S.D. Tex. Nov. 27, 2021) ("[I]t is too speculative to say that the plaintiffs who have claimed an exemption [from the Employee Mandate] are in imminent danger of irreparable harm.").

22-CV-193-CAB-AHG

1   judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (internal citation

2   omitted).  The thirteen remaining federal contractor employee plaintiffs may, unlike the

3   dismissed plaintiffs, have satisfied the first two elements.  Either in the complaint or in

4   declarations, these plaintiffs contend that they suffered an adverse employment action (i.e.,

5   an injury in fact) that is traceable to some or all of the named defendants' actions to the

6   extent that their employers took adverse employment action against them as a result of the

7   Contractor Mandate.  Nevertheless, the remaining plaintiffs still do not have Article III

8   standing to seek the injunction sought by the application for a TRO because they fail to

9   satisfy the redressability requirement.  The injury allegedly suffered by each of the

10  remaining thirteen plaintiffs is the adverse employment action allegedly taken by their

11  employers because of plaintiffs' refusal to be vaccinated. The application for a TRO,

12  however, does not seek reinstatement of these plaintiffs' employment; it only seeks an

13  injunction on enforcement of the Employee and Contractor Mandates.  Granting this

14  injunction will not redress these remaining plaintiffs' injuries.

15       The only injunction that would redress these plaintiffs' injuries (i.e., their loss of

16  employment), let alone the irreparable harm they claim to have suffered as a result of those

17  injuries, would be reinstatement of their employment.  Yet, plaintiffs' employers are not

18  named as defendants.[2]  "To obtain injunctive relief, a plaintiff must ask for that relief

19  against a party who can redress her claim." *Rodden*, 2021 WL 5545234, at *3 (citing *Lujan*

20  *v. Defs. of Wildlife*, 504 U.S. 555, 568 (1992)).  The various federal officials and entities

21  named as defendants here cannot reinstate these thirteen plaintiffs' employment because

22  they were not plaintiffs' employers.  Even if the actions or statements of the named

23

24

25  [2] It may not be possible for employees of a federal contractor, as opposed to the contractor itself, to have
    Article III standing to sue federal officials to enjoin enforcement of the Contractor Mandate, because the
26  Contractor Mandate applies to contractors, not to the employees themselves.  An employee's redress
    would be against only his employer, not the federal government.  Along these lines, most or all cases cited
27  herein concerning the constitutionality of the Employee and Contractor Mandates were filed by federal
    employees against the agency that employs or employed them, or by the contractors themselves, objecting
28  to the requirement that all of their employees be vaccinated.

defendants influenced the actions taken by plaintiffs' employers that caused the injuries in fact, the injuries are not redressable here because they result "from the independent action of some third party not before the court." *Id.* (denying TRO on enforcement of Employee Mandate by federal employee who sued the Safer Federal Workforce Task Force but not the federal agency that employed her).  Likewise, the relief sought in this case as a whole will not redress these plaintiffs' injuries because it will not result in the reinstatement of their employment.  Accordingly, even though these remaining plaintiffs potentially have ripe claims, their failure to name the proper defendants precludes the Court from providing relief that will redress their injuries and therefore deprives it of jurisdiction over their claims as well.

### **Disposition**

In light of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiffs' ex parte application for a temporary restraining order is **DENIED**;

2. Because their claims are unripe and therefore not justiciable under Article III, the claims of the following plaintiffs are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction:

   - Corazon de Cristo Cano (accepted religious exemption)

   - Terry Hardin (pending religious exemption request)

   - Crystal Irvin (pending religious exemption request)

   - Angelina Pina Hardin (pending religious exemption request)

   - Jeannette Sale (denied religious exemption but no allegation or evidence of adverse employment action)

   - Tanya Allemang (pending religious exemption request)

   - Mohamad Bachrouche (pending religious exemption request)

   - Logan Barnes (denied religious exemption but no allegation or evidence of adverse employment action)

   - James Booth (granted religious exemption)

- John Caligiuri (pending religious exemption request)
- Stephanie Caligiuri (pending religious exemption request)
- Ricardo Chavez (accepted religious exemption)
- Naomi Chiba (pending religious exemption request)
- Josef Christ (accepted religious exemption)
- Margaret Clark (accepted temporary religious exemption)
- Ann Colt (pending religious exemption request)
- David Courret-Knight (denied religious exemption but no allegation or evidence of adverse employment action)
- Neil Custer (pending religious exemption request)
- Shawn Danneker (pending religious exemption request)
- Shad Davis (denied religious exemption but no allegation or evidence of adverse employment action)
- Scott Dawson (accepted religious exemption)
- Darryn DeLine (accepted religious exemption)
- Gregg Dillingham (accepted religious exemption)
- Jared Dominick (accepted religious exemption)
- Teresa Dominick (accepted religious exemption)
- Kathryn Draper (accepted religious exemption)
- Anthony Dray (pending religious exemption request)
- Marie Dreyer (pending religious exemption request)
- Michelle Duncan (approved religious exemption)
- David Edewaard (granted religious exemption "pending a court review")
- Mary Ruth Edwards (approved religious exemption)
- Heidi Fernandez (approved religious exemption)
- Jennifer Fish (accepted religious exemption)

- Sharon Freeland (denied religious exemption but no allegation or evidence of adverse employment action)
- Robert Frey (pending religious exemption request)
- Lisa Frost (approved religious exemption)
- John Grant (pending religious exemption request)
- Matthew Gray (accepted religious exemption)
- Jerry Gridley (approved religious exemption)
- Joseph Hanna (pending religious exemption request)
- Douglas Hart (pending religious exemption request)
- Marguerite Hart (accepted religious exemption)
- Chamise Hartman (pending religious exemption request)
- Larry Herbert (accepted religious exemption)
- Jamie Heijmans (approved religious exemption)
- James Horton (approved religious exemption)
- Ron Irvin (pending religious exemption request)
- Jeffery Jensen (denied religious exemption but no allegation or evidence of adverse employment action)
- Erika Jordan (approved medical exemption)
- Samantha Keegan (pending religious exemption request)
- John Keisling (approved religious exemption)
- Dwight King (approved religious exemption and pending religious exemption request)
- Jason Kofoed (approved religious exemption)
- Lindsay Liberto (pending religious exemption request)
- Sam Lopez (pending religious exemption request)
- Gale Lyon (approved religious exemption request)
- Morgan MaGill (pending religious exemption request)

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- Lisa McClain (pending religious exemption request)

- Jeffrey McCoy (pending religious and medical exemption requests)

- Kathleen McCoy (pending religious and medical exemption requests)

- Lance McDonald (pending religious exemption request)

- Trent Mooney (granted religious exemption)

- Timothy Moroney (pending religious exemption request)

- Joelle Moss (approved religious exemption)

- Julia Myers (denied religious exemption but no allegation or evidence of adverse employment action)

- Jeffery Nielson (denied religious exemption but no allegation or evidence of adverse employment action)

- Yana Noyola (pending religious exemption request)

- Patrick Paeschke (accepted religious exemption)

- Randall Perkes (no allegation or evidence of refusal to be vaccinated or adverse employment action as a result thereof)

- Douglas Perkins (no allegation or evidence of refusal to be vaccinated or adverse employment action as a result thereof)

- Bryan Raeder (approved religious exemption)

- John Randall (approved religious exemption)

- Kevin Reberger (accepted religious exemption)

- Carol Reid (accepted religious exemption)

- Matthew Reed (pending religious exemption request)

- Ramon Riojas (accepted religious exemption request)

- Tracey Rittenbach (approved religious exemption

- Jennifer Roames (pending religious exemption request)

- Susan Rogers (pending religious exemption request)

- Mischelle Russell (accepted religious exemption request)

8

- Anthony Savino (accepted religious exemption)
- Nancy Scala (accepted religious exemption)
- Karen Schultz (approved religious exemption)
- Brittany Skaar (granted religious exemption)
- Mark Smith (pending religious exemption request)
- James Snyder (approved religious exemption)
- Tim Solberg (pending religious exemption request)
- Roger Szelmeczka (denied religious exemption but no allegation or evidence of adverse employment action)
- Kiera Taylor (pending religious exemption request)
- Douglas Teachout (approved religious exemption)
- James Thorne (accepted religious exemption)
- Viktor Tverdokhleb (accepted religious exemption)
- Eva Upchurch (approved religious exemption)
- Rachel Waldron (pending religious exemption request)
- Mark Watson (granted religious exemption request)
- William Weidle (pending religious exemption request)
- Anthony Wilson (pending religious exemption request)
- Robert Wood (accepted religious exemption)
- Myra Wynn (pending religious exemption request)
- Tiffany Zerangue (pending religious exemption request)
- Roes 1-23 (none of whom are alleged to have been subject to adverse employment action as a result of a refusal to be vaccinated)

3. Because the relief sought in the complaint either will not redress their alleged injuries, and because relief that would redress such injuries cannot be provided by the named defendants, the following plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE** for lack of Article III standing:

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- Jeff Ahlers

- Jeff Bohi

- Susan Bruyere

- Nicholas Christiansen

- Dorothy Frenzel

- Janet Friesz

- Roger Graves

- Pamela Hartsock

- Dawnette Hunter

- Keith Newberry

- Matthew Sterba

- Jarrid Thomas

- Paul Winger

4. In light of the foregoing, the complaint is **DISMISSED** in its entirety, without prejudice, with each Plaintiff granted leave to amend his/her claims.  However, the Court finds that plaintiffs' claims do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" and therefore are not properly joined in the same lawsuit.  Fed. R. Civ. P. 20.  Plaintiffs reside in different states and are or were employed by dozens of employers, including disparate government agencies and private entities with contracts with the federal government, each of whom should be named as a defendant with respect to the claims of the particular employees of that entity.  Moreover, these employers of each Plaintiff would not be liable "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." *Id.*  Each plaintiff was subject to a unique adverse employment action (or, more commonly, no adverse employment action at all), and therefore each plaintiff's individual circumstances are unique, requiring

22-CV-193-CAB-AHG

1   separate analyses of the ripeness of their claims, their standing, and the relief to

2   which they may or may not be entitled.  Accordingly, only plaintiffs who were

3   employed by the same entity may be co-plaintiffs in a particular lawsuit going

4   forward.  To that end, only the first named plaintiff, Corazon de Cristo Cano,

5   along with any other individuals also employed by "Solute", may file an amended

6   complaint under this case number.  Such amended complaint must be filed on or

7   before **April 25, 2022**, or this case number will be closed.  Any other plaintiffs

8   wishing to continue pursuit of their claims, and who believe they can file a

9   complaint that remedies the jurisdictional defects stated herein, must file new

10   complaints with new case numbers (and pay the requisite filing fees), and may

11   only include plaintiffs who share the same employer in the same case.

12   It is **SO ORDERED**.

13   Dated:  April 4, 2022

14   _____

15   Hon. Cathy Ann Bencivengo
    United States District Judge

11

22-CV-193-CAB-AHG