UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| CORAZON DE CRISTO CANO et al., | Case No.: 22-CV-193-CAB-AHG |
|---|---|
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION TO DISQUALIFY AND TO VACATE ORDER DISMISSING CASE** |
| JOSEPH R. BIDEN et al., | |
| Defendants. | [Doc. No. 13] |

Plaintiffs bring this suit against government agencies and federal officials, including President Joseph R. Biden, the Centers for Disease Control, and the Safer Federal Workforce Task Force and its individual members, seeking to enjoin enforcement of two executive orders imposing COVID-19 vaccine requirements on federal employees and contractors. Thermo Fisher Scientific, Inc. ("Thermo Fisher") is not a party to this lawsuit. Nor was Thermo Fisher mentioned in the complaint or any of the briefing related to the application for a temporary restraining order filed by Plaintiffs (which the Court denied). Nevertheless, Plaintiffs now move to disqualify the undersigned because her spouse is employed by Thermo Fisher and owns stock in the company. The motion is denied.

Primarily, Plaintiffs contend that because Thermo Fisher allegedly "makes billions of dollars on its COVID-19 response products," [Doc. No. 13-1 at 15], the undersigned's

husband's employment by and stock ownership in Thermo Fisher requires recusal under 28 U.S.C. § 455(b)(4) and (5).  These sections require a judge to recuse when:

> (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
> (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>> (i) Is a party to the proceeding, or an officer, director, or trustee of a party;
>>
>> (ii) Is acting as a lawyer in the proceeding;
>>
>> (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>
>> (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C.A. § 455(b)(4)-(5).  Under these subparts of section 455, therefore, the undersigned must recuse if either the undersigned, or her spouse: (1) have a financial interest in a party to this proceeding; (2) have a financial interest in the subject matter in controversy; or (3) have an interest that could be substantially affected by the outcome of this proceeding.

 First, Thermo Fisher is not a party to this case.  Therefore, the stock ownership of the undersigned and her spouse in Thermo Fisher is not a financial interest in a party to this case.

 Second, Thermo Fisher does not have a cognizable financial interest in the subject matter of this case, which includes the constitutionality of the COVID-19 vaccine mandates allegedly enacted and enforced by federal employers against federal employees and contractors, and Plaintiffs' efforts to enjoin enforcement of these vaccine mandates. Therefore, neither the undersigned or her spouse have a financial interest in this controversy by virtue of employment by Thermo Fisher or stock ownership in the company.

Third, and relatedly, because Thermo Fisher does not have a financial interest in this case, there is no basis to conclude that the value of Thermo Fisher stock will be substantially affected by the outcome of this proceeding.  Nor would the employment of the undersigned's spouse with Thermo Fisher (which involves the sale of analytical equipment such as mass spectrometers and is completely unconnected to any COVID-19 treatments or vaccines) be impacted by the outcome of this proceeding.  Accordingly, the undersigned is not obligated to recuse from this case under section 455(b)(4) and (5).

Alternatively, Plaintiffs contend that the employment of the undersigned's spouse by Thermo Fisher and stock holdings in the company raise questions about the undersigned's impartiality, warranting recusal under 28 U.S.C. § 455(a).  Section 455(a) states that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C.A. § 455(a).  As the Ninth Circuit has explained:

> "The goal of section 455(a) is to avoid even the appearance of partiality." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988) ).  Thus, we "ask whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Id*. (quotation marks omitted). "The reasonable person is not someone who is hypersensitive or unduly suspicious, but rather is a well-informed, thoughtful observer." *Id*. (quotation marks omitted). "The standard must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id*. (quotation marks omitted).

*United States v. Mikhel*, 889 F.3d 1003, 1027 (9th Cir. 2018).  Here, the Court is not persuaded by Plaintiffs' motion that a reasonable person with knowledge of the employment of the undersigned's spouse by Thermo Fisher and stock holdings in the company would question the undersigned's impartiality as to questions raised by this case.  Accordingly, the undersigned declines to recuse herself under section 455(a).

Ultimately, "[a] judge is as much obliged not to recuse h[er]self when it is not called for as [s]he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307,

1312 (2d Cir. 1988). "A judge should not recuse h[er]self on unsupported, irrational, or highly tenuous speculation." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). The facts here simply do not support recusal. Accordingly, the undersigned is obligated not to recuse. It is therefore **ORDERED** that the motion to disqualify is **DENIED**.

In light of this motion, it is further **ORDERED** that the deadline for Plaintiff Corazon de Cristo Cano, along with any other individuals also employed by "Solute", to file an amended complaint under this case number is continued by ten days to **May 5, 2022**. If no amended complaint is filed by this deadline, this case will be closed without further order from the Court.

It is **SO ORDERED**.

Dated: April 27, 2022

                                                Hon. Cathy Ann Bencivengo
                                                United States District Judge